(34 Misc. Rep. 544.)

### LUDWIN v. BARUCH et al.

(Supreme Court, Appellate Term. April 19, 1901.)

PAWNBROKERS—ACQUIRING GOODS FROM AGENT—CONVERSION.

> Where a pawnbroker in good faith, without knowledge that an agent having possession of goods with a general power to sell was not the true owner, acquires such goods, conversion will not lie against him, and he may retain the goods until his lien for the advance has been satisfied.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Charles Ludwin against Harris Baruch and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

George W. McAdam, for appellants.

LEVENTRITT, J. Judgment was rendered below in favor of the plaintiff in an action in conversion brought to recover of the defendants, who are duly-licensed pawnbrokers, the sum of $166, being the value of certain jewelry pledged by the plaintiff's salesman, one Frohlich, without the former's knowledge or consent. Although the plaintiff demanded the return of the goods, they made no tender of the sum of $78, advanced by the defendants. The agreement between the plaintiff and Frohlich, placed in evidence, as well as the testimony, shows that he was an agent with an unrestricted, general power to sell; that many pieces of jewelry were continuously, in the regular course of business, supplied to him. There is nothing in the record showing knowledge on the part of the defendants that Frohlich was not the true owner, and nothing in any wise impugning their good faith. There being power to pledge flowing from the general power to sell, where the agent or factor has possession of the goods (Pegram v. Carson, 10 Bosw. 517), it follows that the defendants acquired a special property in the jewelry to the extent of their advances, that no action in conversion will lie against them, and that they are entitled to retain the goods until their lien has been satisfied. Fitzgerald v. Fuller, 19 Hun, 180; Smith v. Clews, 105 N. Y. 286, 11 N. E. 632; Id., 114 N. Y. 190, 21 N. E. 160, 4 L. R. A. 392. While the maxim that no one can confer a better title than he himself has protects an owner against the acts of an agent converting property to his own use, the rightful owner may neverthe-

less be estopped by his own acts from asserting his title. "If he has invested another with the usual evidence of title, or an apparent authority to dispose of it, he will not be allowed to make claim against an innocent purchaser dealing on the faith of such apparent ownership." Smith v. Clews, 114 N. Y. 190, 194, 21 N. E. 160, 4 L. R. A. 392; McNeil v. Bank, 46 N. Y. 325. The extent of the agent's authority may always be shown, and where it appears, for instance, that in place of a general power to sell he received the goods merely for disposal to a specified third party, an innocent purchaser or pledgee will not be protected. Heilbron v. McAleenan (Sup.) 1 N. Y. Supp. 875; Anderson v. McAleenan (Com. Pl.) 8 N. Y. Supp. 483. In this case the plaintiff vested Frohlich with more than the naked possession for a particular purpose. By virtue of the general power of sale and disposition resting in him, he had the indicia of ownership, on which the defendants were justified in relying. Having parted with valuable consideration on the faith of it, they are entitled to reimbursement before being compelled to surrender or return the property.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.